**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RUBEN C. HOLTON,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 1:20-1740** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN SCOTT FINLEY,** | : | |
| **Respondent** | : | |

## **MEMORANDUM**

Pending before the court is the report of United States Magistrate Judge William I. Arbuckle which recommends that the instant petition for writ of  habeas corpus be denied. (Doc. 29). The petitioner has filed objections to the report. (Doc. 30). The respondent has filed a brief in opposition to the petitioner's objections. (Doc. 33). Upon review of the record, the petitioner's objections will be overruled and the report and recommendation will be adopted in its entirety.

By way of relevant background, the petitioner filed the instant action claiming that he should be released to either home confinement or a residential reentry center per the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, the Warden ignored his requests for a calculation and read out of his First Step Act ("FSA") time credits, and that his sentencing

judge incorrectly calculated his criminal history category when calculating his sentence per the United States Sentencing Guidelines ("USSG"). (Doc. 1).

In considering the petition, Judge Arbuckle found that the court cannot review the Bureau of Prison's ("BOP's") decision not to release the petitioner to home confinement under the CARES Act because the BOP has the discretion, but is not mandated, to release inmates to home confinement under the Act. He further determined that because placement in an RRC is a discretionary decision given to the BOP and only available to an inmate to serve, at most, the last 12 months of their sentence, the petitioner is not entitled to relief on this claim either. Next, Judge Arbuckle determined that the petitioner's demand for an accounting of his time credits should have been brought through a civil rights action and relief for this claim is not available by way of a habeas petition. Finally, Judge Arbuckle determined that petitioner's challenge to his sentencing guidelines score should have been brought by way of a motion filed pursuant to 28 U.S.C. §2255, rather than by way of a §2241 habeas petition.

Petitioner has filed objections only with respect to the first three of Judge Arbuckle's findings. (Doc. 30). He does not object to the fact that he should have challenged his sentencing guidelines score by way of a §2255 motion, as opposed to the instant §2241 petition. When objections are timely

filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Here, the petitioner first objects to Judge Arbuckle's report arguing that, while the court does not have the power to grant him release to home confinement under the CARES Act, it can do so under §2241 because it is a challenge to the duration of his confinement. Petitioner is correct that §2241 is the proper vehicle by which to challenge the denial of his CARES Act request. *See e.g., Reynolds v. Finley*, 2022 WL 36225, *2 (M.D.Pa., Jan. 4, 2022). However, as determined by Judge Arbuckle, this court cannot direct the location for service of the petitioner's sentence as that authority is delegated exclusively to the Attorney General and, in turn, the BOP. See 18 U.S.C. §§3621(b)(5), 3624(c)(2). As such, this court lacks jurisdiction to override the BOP's decision to deny the petitioner's CARES Act request. *Id.* at *5.

While the court lacks jurisdiction to override the BOP's decision, the petitioner can seek judicial review if the BOP refused to make an individualized determination as to his eligibility for release on home confinement. *Reynolds*, at *5 (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1991)). However, the petitioner does not make any such argument with respect to his request for release to home confinement under the CARES Act and, in fact, the exhibits attached to his objections belie any such argument, instead establishing that the BOP gave his request individualized

- 4 -

consideration and did not ignore his request for consideration of home confinement. As such, the petitioner's objections will be overruled on this basis.

The petitioner does argue in his objections that he did not receive individualized consideration of the factors set forth in §3621 as to his request for placement in an RRC. As determined by Judge Arbuckle, however, the petitioner is not yet eligible for such consideration. The statute authorizes the BOP to allow inmates to serve "a portion of the final months of [their imprisonment] (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility [also known as an RRC]." 18 U.S.C. §3624(c)(1). The record demonstrates that the petitioner's projected release date is July 3, 2024. He will be reviewed, pursuant to BOP policy, 17-19 months prior to his release date to determine whether he is eligible for RRC placement. Because the petitioner is not yet eligible for RRC placement, his objections in this regard will be overruled.

Finally, as to his time credits, the petitioner does not argue that Judge Arbuckle was incorrect in finding that §2241 is not the proper vehicle by which to bring this claim, but simply continues to argue that his statutorily

earned credits have not been properly applied. The court finds no error in Judge Arbuckle's determination that the petitioner's request for an accounting of his FSA credits is outside the parameters of a habeas corpus petition. Therefore, the petitioner's objections will be overruled in this regard as well.

Considering all of the foregoing, the petitioner's objections will be overruled and the report and recommendation will be adopted in its entirety as the opinion of the court. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 20, 2022**
20-1740-01